IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD M. YONEMOTO, | ) | CIVIL NO. 11-00533 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING PLAINTIFF'S |
| | ) | MOTION TO VACATE, IN PART, |
| vs. | ) | THE COURT'S ORDER GRANTING |
| | ) | IN PART AND DENYING IN PART |
| ROBERT A. McDONALD, Secretary, | ) | DEFENDANT'S MOTION TO |
| United States DEPARTMENT OF | ) | DISMISS OR FOR SUMMARY |
| VETERANS AFFAIRS, | ) | JUDGMENT, DOC. NO. 135; AND |
| | ) | (2) GRANTING PLAINTIFF'S |
| Defendant. | ) | REQUEST TO LIMIT HIS TITLE VII |
| | ) | RETALIATORY HOSTILE WORK |
| | ) | ENVIRONMENT CLAIM |
| _____ | ) | |

## ORDER (1) DENYING PLAINTIFF'S MOTION TO VACATE, IN PART, THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, DOC. NO. 135; AND (2) GRANTING PLAINTIFF'S REQUEST TO LIMIT HIS TITLE VII RETALIATORY HOSTILE WORK ENVIRONMENT CLAIM

## I. INTRODUCTION

This action is set for trial to commence on May 5, 2015 on Plaintiff

Ronald M. Yonemoto's ("Plaintiff") claims against his employer, Defendant

Robert A. McDonald,[1] Secretary, United States Department of Veterans Affairs

("Defendant"), for retaliation in violation of Title VII of the Civil Rights Act of

1964 based on both discrete acts and hostile work environment, and for disability

---

[1] Robert McDonald replaced Eric Shinseki as the Secretary, Department of Veterans Affairs on July 29, 2014.

discrimination and retaliatory hostile work environment in violation of the Rehabilitation Act.

Throughout this case, the scope of Plaintiff's claims has been a moving target, with Plaintiff repeatedly attempting to expand his claims beyond what was alleged in his pleadings and what was part of the EEOC investigations. In a March 10, 2014 Order granting in part and denying in part Defendant's Motion for Summary Judgment (the "March 10, 2014 Order"), the court held, among other things, that (1) to be timely, the discrete acts that are the basis of Plaintiff's retaliation and disability claims must have occurred no more than forty-five days prior to Plaintiff's first contact with an EEO counselor regarding those acts; and (2) Plaintiff's hostile work environment claims are timely so long as one act that is the basis of such claim occurred within forty-five days of Plaintiff's first contact with an EEO counselor. Doc. No. 79; *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827 (D. Haw. 2014).

Now, over a year after the March 10, 2014 Order and on the eve of trial, Plaintiff has filed a Motion to Vacate, in Part, the March 10, 2014 Order. Plaintiff seeks to (1) limit his Title VII retaliatory hostile work environment claim to events starting April 29, 2010 as opposed to August 2008 as he alleged in his pleadings; and (2) broaden his Rehabilitation Act claim based on an argument he

never properly or previously raised. Based on the following, the court construes Plaintiff's first argument as a motion to withdraw this portion of his claim and GRANTS such request. The court otherwise DENIES Plaintiff's Motion to Vacate the March 10, 2014 Order.

## II. BACKGROUND

Throughout this action, the court has struggled to determine the scope of Plaintiff's claims. Plaintiff, who is in the best position to articulate his claims, has provided little assistance -- Plaintiff's claims have been a moving target, with the EEOC Complaints, the First Amended Complaint ("FAC"), and Plaintiff's arguments before the court containing ever-expanding allegations forming the basis of Plaintiff's claims. And when given the opportunity, Plaintiff has by and large failed to clearly articulate his arguments, offering at times contradictory arguments. The court therefore provides the following background to provide context to Plaintiff's current Motion.

### A. Plaintiff's Expanding Claims and Defendant's Motion for Summary Judgment

Plaintiff's FAC broadly alleges discriminatory conduct by Defendant dating back as early as 2008 based on a panoply of events, only some of which were included in the EEOC Complaints and investigations that are the basis of this

3

action.[2]  *See* Doc. No. 18.  Defendant therefore filed a Motion to Dismiss or for Summary Judgment, arguing that (1) Plaintiff failed to exhaust his administrative remedies as to many of Plaintiff's allegations because they were not asserted in the EEOC Complaints, and (2) other allegations are untimely because Plaintiff failed to report the alleged discriminatory acts to the EEOC within forty-five days of their occurrence.  Doc. No. 50; *see also Yonemoto*, 3 F. Supp. 3d at 840-41 (describing Plaintiff's ever-expanding claims).  In particular, as to timeliness, Defendant argued that (1) the discrete acts forming the basis of Plaintiff's Title VII retaliation claim must occur on or after April 26, 2010, *i.e.*, forty-five days before Plaintiff first contacted an EEO counselor alleging retaliation based on these events; and (2) the discrete acts forming the basis of Plaintiff's disability discrimination claim must occur on or after July 3, 2011,[3] *i.e.*, forty-five days before Plaintiff first contacted an EEO counselor regarding his disability claims. Doc. No. 50-1, Def.'s Mot at 9-10.

In opposition, Plaintiff presented a confusing assortment of

---

[2]  The March 10, 2014 Order provides a full description of the relevant allegations in this action, and the court does not reiterate them here.  *See Yonemoto*, 3 F. Supp. 3d at 833-39.

[3]  Although both Defendant's Motion and the March 10, 2014 Order recite the relevant cut-off date as July 2, 2011, Plaintiff asserts that forty-five days prior to his first contact with an EEO counselor is July 3, 2011.  *See* Doc. No. 135-1, Pl.'s Mot. at 8 n.3.  The court therefore uses July 3, 2011 throughout this Order, except where providing a direct quotation.

arguments -- Plaintiff (1) asserted additional allegations that were not included in the FAC; (2) argued that he had exhausted his claims because he was asserting ongoing discrimination; yet (3) acknowledged that "even if viewed as 'discrete' *any* claim for *discrete* acts occurring within 45-days of the July 21, 2010 and September 15, 2011 complaints must be considered 'exhausted' as they would be covered by the charges filed as of those dates."  Doc. No. 62, Pl.'s Opp'n at 26.

**B.      The February 24, 2014 Hearing**

As a result of Plaintiff's confusing arguments, the court sought clarification on the scope of Plaintiff's claims at the February 24, 2014 hearing on Defendant's Motion.  First, Plaintiff clarified that his claims did not include discrete acts outside of the 45-day window:

> We have a 45-day window, and the claims -- yes, and the claims that are brought in this complaint before the Court here were exhausted through exercise of the ORM process within the 45-day window.
> Now, the bright line that the Court is drawing is what -- applies to events that occurred before that 45 days.  The question is why there is so much stuff in the brief about things that occurred prior to that 45-day window.
> I admit that those are not claims, they do not form claims.  What they are and what the Court can look to them as is evidence of motive.  Evidence of intent and evidence of hostility. . . .

Doc. No. 78, at 19-20.

But after agreeing to this framework, Plaintiff argued that his claims were properly exhausted.  As to his disability claim, Plaintiff argued:

> If you look at the ORM for 8/17/11, that's Exhibit 3 to Defendant's Motion for Summary Judgment, Mr. Yonemoto talks about his symptoms and overall medical condition deteriorating over the past couple years, seeks modified schedule and other work tasks and duties, leave from work, modified work schedule, and modified work location.   If you read the investigatory report that follows that, there is very detailed description of what it is Mr. Yonemoto is claiming, and what he's seeking. The first thing that's said in that investigatory report is that he has met the requirements of timely filing for the charges contained therein.

*Id.* at 21-22.

The court then focused Plaintiff on the forty-five day time period relevant to the disability discrimination claim (*i.e.*, starting July 3, 2011):

> THE COURT: . . . What I hear [Defendant] saying is that the June 24, 2011, response by Mr. Carethers for accommodation was outside the 45-day window.  And he's correct on that.  It was outside the 45-day window.
> MR. VARADY: Unless we're looking at a continuing violation.
> THE COURT: No, it's before, you don't continue backwards.
> MR. VARADY: No.
> THE COURT: You continue forward, not backwards in time.
> MR. VARADY: That is correct, but the request is ongoing.  That's the point.
> THE COURT: What request is ongoing?
> MR. VARADY: The request for accommodation in the

form of modified work duties, modified --
THE COURT: But he has to go to the -- initiate contact
with the EEOC.
MR. VARADY: He has done that.
THE COURT: Right.  In July 2nd, 2011.
MR. VARADY: Right, and it has continued since that
time.  If you look at the investigatory report --
THE COURT: All right.  Move on to something else,
because you really aren't helping yourself here.  You are
mixing up after you make that initial contact, the time
frame going forward versus the time frame going
backward.  That's what you're doing.

In response, Plaintiff explained that his disability claim dates back to

his earlier Title VII retaliation claim because his disability allegations were part of

that investigation:

> MR. VARADY: What I would point to the Court is the
> investigatory report, the second one, refers back and
> incorporates the investigatory report for the 2010 . . .
> . . .
> MR. VARADY: Well, you were asking me to loop
> backward in time, and I'm trying to knit it together as
> best I can.  And what -- if you look at the investigatory
> reports, the investigatory report for the September 2011
> ORM charge relates -- incorporates and relates back to
> the 2010 charge.
> THE COURT: Okay.
> Mr. VARADY: If you look at the 2010 charge, it refers
> to the 2009 e-mails that were sent to Dr. Carethers saying
> -- and not just to Dr. Carethers, but 2009 begins a chain
> of e-mails that goes into 2010 and 2011 to Drs.
> Carethers, Dubbs, and Hastings, all saying the same
> thing, which is, I'm getting sick and stressed out because
> I have no work.  That's how we get back -- whether or
> not the charge or the box is checked or whether he says

7

magic words like "accommodation" or "Rehabilitation
Act," . . .

*Id.* at 23-26.

## C.    Plaintiff's Supplemental Briefing

On February 26, 2014, two days after the hearing, Plaintiff submitted

a supplemental brief without leave of court, arguing that his claims were timely.

Doc. No. 73.  After the court struck this supplemental memorandum on the bases

that supplemental briefing was not requested and Plaintiff may not present new

arguments not included in his Opposition, Plaintiff filed a Motion for Leave to

File a Supplemental Post Hearing Brief.  Doc. No. 75.  The court denied this

Motion for the same reasons it struck the initial supplemental memorandum.  The

court explained:

> Plaintiff has already had multiple opportunities to
> present his argument to the court through his Opposition
> and argument at the February 24, 2014 hearing.
> Plaintiff's attempt to submit additional briefing to correct
> deficiencies in his arguments pointed out during the
> February 24, 2014 hearing not only prejudices
> Defendant, but also confuses the issues presented to the
> court and delays efficient adjudication of this action.
> Further, the court has not requested supplemental
> briefing, which would be limited to particular issues
> identified by the court as requiring clarification.
> Plaintiff's fifteen-page supplemental brief is therefore
> not only improper, but unhelpful at this time.

Doc. No. 77.

**D.    The March 10, 2014 Order**

The March 10, 2014 Order granted in part and denied in part

Defendant's Motion to Dismiss or for Summary Judgment.  The March 10, 2014

Order determined that Plaintiff failed to exhaust certain allegations regarding

discrete acts, and that other discrete acts, to the extent they occurred more than

forty-five days prior to the Plaintiff's first contacts with the EEOC, were untimely.

The March 10, 2014 Order further rejected Plaintiff's argument made at the

February 24, 2014 hearing that his disability claim relates back to the July 27,

2010 EEOC Complaint and its investigation.  *Yonemoto*, 3 F. Supp. 3d at 846.

After performing the exhaustion/timeliness analysis, the March 10,

2014 Order described that Plaintiff's remaining claims included:

> Plaintiff's retaliation and hostile work environment
> claims based on the denial of meaningful work
> assignments (which Defendant conceded was an on-
> going violation, Doc. No. 50-1, Def.'s Mot. at 9), the
> denial of paid leave on June 16, 2010 (part of the July
> 27, 2010 EEOC Complaint), and the AWOL charge and
> refusal to reimburse Plaintiff $150 for his September 27,
> 2010 absence (investigated by the EEOC as part of the
> July 27, 2010 EEOC Complaint).  This determination,
> however, does not prevent Plaintiff from presenting
> evidence of untimely discrete acts "for purposes of
> placing non-discrete acts in the proper context" for the
> hostile work environment claim.  *See Porter*, 419 F.3d at
> 893 n.4 (citing *Morgan*, 536 U.S. at 113).
>        As to Plaintiff's disability claims, to the extent
> Plaintiff is asserting a denial of reasonable

accommodation claim based on the February 24, 2011 letter from Dr. Loh, it is untimely because Defendant responded on June 24, 2011, which is outside forty-five days of Plaintiff's first contact with the EEOC (on July 2, 2011) regarding his disability claim. The FAC includes additional allegations, however, that Plaintiff made other requests for accommodation after the June 24, 2011 letter, which were all ignored and/or denied. *See* Doc. No. 18, FAC ¶¶ 69-75. The parties failed to present any evidence regarding these requests, much less any argument as to whether these denials of accommodation are reasonably related to the September 20, 2011 EEOC Complaint such that they are properly part of Plaintiff's claims before this court. *See also Cherosky*, 330 F.3d at 1248 (explaining that each denial of an accommodation restarts the time period for EEOC consultation). The court therefore leaves open what aspects of Plaintiff's Rehabilitation Act claims, Counts III and IV of the FAC, remain in this action.

*Id.* at 847.[4]

In conclusion, the March 10, 2014 Order described that Plaintiff's claims remaining in this action included:

(1) Plaintiff's Title VII retaliation claim based on the June 16, 2010 denial of AA; (2) Plaintiff's Title VII retaliatory hostile work environment claim based on a refusal to assign Plaintiff meaningful work; and (3) Plaintiff's Rehabilitation Act claims, to the extent based on conduct occurring after the June 24, 2011

---

[4] The March 10, 2014 Order further granted summary judgment on Plaintiff's retaliation claim based on the AWOL charge and denial of reimbursement, finding no genuine issue of material fact that Carethers rescinded the AWOL charge once Plaintiff established that he called the office and that Carethers had no authority to reimburse Plaintiff for his phone charges. *Yonemoto*, 3 F. Supp. 3d at 850.

denial of requests for accommodation.

*Id.* at 851.

**E.     Plaintiff Again Attempts to Broaden his Claims Despite the March 10, 2014 Order**

The March 10, 2014 Order definitively outlined the scope of

Plaintiff's remaining claims, and the parties prepared for a bench trial to begin on

April 20, 2015.  But over one year later, in Plaintiff's April 10, 2015 trial brief, he

argued that his disability claim encompassed discrete acts beginning from

November 30, 2010 to the present, in direct contravention of the March 10, 2014

Order (which determined that the forty-five day window for the disability claim

based on discrete acts began on July 3, 2011).[5]

In an April 15, 2015 Order, the court made clear that it would not rule

on any arguments regarding the scope of Plaintiff's claims which are raised in his

trial brief, and that Plaintiff must file a proper motion.  Doc. No. 133.  In

particular, the April 15, 2015 Order directed Plaintiff to file a motion to the extent

---

[5]  Plaintiff's trial brief also asserts that his Title VII retaliation claim includes the additional discrete act that Dr. Carethers denied his request for modification of his tour of duty. At the April 15, 2015 status conference, Plaintiff conceded that this event was not properly part of his claims, although such event could be presented to provide context for his actionable claims.

Also, by agreement of the parties, Plaintiff's Title VII retaliation claim includes the discrete act that Carethers moved Plaintiff to a different office.  Although the March 10, 2014 Order determined that this event was untimely based on the allegation in the FAC that it occurred outside of the forty-five day window, the parties now agree that this event happened within the forty-five day window. *See* Doc. No. 110.

he disagrees with the March 10, 2014 Order's determination and recitation of the scope of the claims remaining in this action, including the time frame for each claim. To allow resolution of this issue, trial was rescheduled to commence on May 5, 2015.

Plaintiff filed his Motion on April 17, 2015, Doc. No. 135, and the government filed its Opposition on April 21, 2015. Doc. No. 138. Pursuant to Local Rule 7.2(d), the court determines the Motion without a hearing.

## III. DISCUSSION

### A. Plaintiff's Title VII Hostile Work Environment Claim

Plaintiff seeks to vacate the March 10, 2014 Order to the extent it held that Plaintiff's Title VII hostile work environment claim dates back to August 2008. *See Yonemoto*, 3 F. Supp. 3d at 851. Plaintiff asserts that he is not seeking to recover for acts that occurred prior to April 26, 2010 because he currently has before the EEOC live hostile work environment claims that cover this time period. Doc. No. 135-1, Pl.'s Mot. at 6. Plaintiff further argues that Defendant should not be permitted to extend Plaintiff's hostile work environment claim back in time merely to bolster the relevance of evidence Defendant seeks to admit regarding Plaintiff's work history prior to 2010. *Id.* at 7-8.

Although Plaintiff may certainly seek to limit the claims he presents

at trial (and Defendant does not object to such limitation, Doc. No. 138, Def.'s

Opp'n at 5), Plaintiff's Motion seeking to vacate the March 10, 2014 Order is not

the proper vehicle.  The March 10, 2014 Order described Plaintiff's claims based

on what the FAC alleged and what Plaintiff argued before the court -- that since

August 2008, Defendant has refused to assign Plaintiff meaningful work.  *See*

Doc. No. 18, FAC ¶¶ 39-40, Doc. No. 62, Pl.'s Opp'n at 26 (describing that hostile

work environment claims "are alleged to have been occurring from 2008, through

the present").  And at no time prior to the March 10, 2014 Order did Plaintiff seek

to limit his claims.  Thus, there is no error in the March 10, 2014 Order -- it

properly reflects Plaintiff's claims as alleged at the time -- and there is no basis to

vacate it.

       The court therefore DENIES Plaintiff's Motion to vacate the portion

of the March 10, 2014 Order stating that Plaintiff's hostile work environment

claim is based on conduct starting in 2008.  The court will, however, construe

Plaintiff's Motion as an unopposed motion to withdraw his retaliatory hostile work

environment claim to the extent based on the lack of meaningful work assignments

from August 2008 through April 25, 2010, and GRANT said motion.  Trial in this

action will proceed on Plaintiff's Title VII retaliatory hostile work environment

claim as actionable beginning April 26, 2010.  At this time, the court makes no

determination as to whether limiting the retaliatory hostile work environment claim in this fashion affects, in any manner, the admissibility of evidence at trial, or Plaintiff's claims currently pending before the EEOC.

**B.     Plaintiff's Rehabilitation Act Claim Based on Discrete Acts**

Plaintiff argues that the March 10, 2014 Order erred in dismissing Plaintiff's disability claim to the extent it is based on discrete acts that occurred more than forty-five days prior to Plaintiff's first contact with the EEOC for this claim (*i.e.*, July 3, 2011).[6]  Plaintiff now asks the court to vacate this determination, arguing that his Rehabilitation Act claim extends back to November 29, 2010 -- *i.e.*, over seven months earlier.  Plaintiff argues that the March 10, 2014 Order is "factually erroneous" because the VA made a binding determination regarding the scope of Plaintiff's claim where it described the claim as including discrimination and reprisal occurring since November 29, 2010, and found that such claim met all procedural requirements.  For several reasons, the court rejects this argument.

---

[6]  This limitation applies to only those claims based on discrete acts -- as the March 10, 2014 Order explained, Plaintiff's claims for hostile work environment (whether based on Title VII or the Rehabilitation Act) are not limited to those events occurring within the limitations filing period so long as one act contributing to the claim occurs within the limitations period. *Yonemoto*, 3 F. Supp. 3d at 842 (discussing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 117-18 (2002)).

### 1. *Plaintiff's Motion Is Procedurally Improper*

As an initial matter, Plaintiff's Motion is a procedurally improper attempt to seek reconsideration of the March 10, 2014 Order.

Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  But Rule 54(b) does not provide *any mechanism* for a party to seek revision of an interlocutory order,[7] and reconsideration is generally appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (explaining that Rule 54(b) requires a showing of "good cause" on the part of the movant, which is shown by "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice" (quotations omitted)).

---

[7] In comparison, Federal Rules of Civil Procedure 59 and 60 allow reconsideration of final orders, specify that a party may file such a motion, and provide time limits for which the party may seek reconsideration.

Moreover, Local Rule 60.1 outlines when a party may seek

reconsideration of an interlocutory order, providing:

> Motions for reconsideration of interlocutory orders may
> be brought only upon the following grounds:
>> (a) Discovery of new material facts not previously
>> available;
>> (b) Intervening change in law;
>> (c) Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must
> be filed and served not more than fourteen (14) days
> after the court's written order is filed.

In this case, to the extent Plaintiff seeks to vacate the March 10, 2014 Order,

Plaintiff must meet the requirements of Local Rule 60.1.[8] *See Osei v. La Salle*

---

[8] Although in an exceptional case Federal Rule of Civil Procedure 54(b) may permit reconsideration outside Local Rule 60.1's time limitation, this is clearly not such a case. *See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 2011 WL 1833017, at *5 n.2 (D. Haw. May 13, 2011) ("Although the Court might may well have the power to disregard the [Local Rule 60.1], it is not convinced it should in the instant case."). Indeed, Plaintiff offers no reason whatsoever as to why he failed to raise this argument on summary judgment, and failed to raise this argument in a timely motion to reconsider. Instead, Plaintiff waited until the very eve of trial to raise this issue, and initially presented it not as a motion, but as an argument within a seventy-page trial brief. Under these circumstances, Plaintiff provides the court no good cause to consider Plaintiff's untimely arguments for reconsideration. *See, e.g.*, *Wine & Canvas Dev. LLC v. Weisser*, 2014 WL 5089122, at *2 (S.D. Ind. Oct. 9, 2014) ("The Court finds that justice does not require the Court to reconsider its summary judgment order at this late date. The motion has taxed the parties' resources and preparation for trial, and the contents of the motion rehash previously addressed arguments, or raise arguments that should have been raised in the initial summary judgment motion."); *Sea Trade Co. v. FleetBoston Fin. Corp.*, 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009) ("Although the Court, in the interest of justice, may entertain a motion for reconsideration that does not comply with Local Rule 6.3's time requirements, Plaintiffs' excuses for the late filing are not compelling." (citations omitted)); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

*Univ.*, 493 F. App'x 292, 294 n.1 (3d Cir. 2012) ("Motions for reconsideration do not arise under Rule 54(b). The District Court disregarded Osei's erroneous reference to Rule 54(b) and properly construed the filing as a motion for reconsideration."); *Reassure Am. Life Ins. Co. v. Rogers*, 248 F. Supp. 2d 974, 986 (D. Haw. 2003) (stating that a motion for reconsideration pursuant to Local Rule 60.1 is the proper vehicle to challenge a dispositive motion, not Rule 54(b)); *see also Waikoloa Dev. Co. v. Hilton Resorts Corp.*, 2014 WL 3735446, at *1 n.1 (D. Haw. July 25, 2014) (declining to address reconsideration argument based on manifest error where argument was made over one month after the order at issue).

Plaintiff fails to establish that he is entitled to reconsideration under Local Rule 60.1. Plaintiff does not argue that he discovered any new material facts not previously available, or that there has been a change in law since the March 10, 2014 Order. Rather, Plaintiff argues that the March 10, 2014 Order is "factually erroneous" to the extent it determined that the discrete acts supporting Plaintiff's Rehabilitation Act retaliation claims must occur on or after July 3, 2011, *i.e.*, forty-five days before his first contact with an EEO counselor regarding his Rehabilitation Act claim. *See* Doc. No. 135-1, Pl.'s Memo. at 8. In other words, Plaintiff argues that the March 10, 2014 Order contains a manifest error of law or fact. But to raise such error, Plaintiff was required to file such motion not

more than fourteen days after the March 10, 2014 Order.  *See* Local Rule 60.1.

Plaintiff's Motion, filed over a year after the March 10, 2014 Order, is therefore

untimely.

### 2. *Plaintiff Waived this Argument on Summary Judgment*

Second, even if the court overlooked that Plaintiff's Motion is

procedurally improper, Plaintiff ignores that he waived this argument by failing to

raise it in opposition to Defendant's Motion to Dismiss or for Summary Judgment.

It is well-established that a party's failure to raise an issue in

opposition to a motion for summary judgment operates as a waiver of that issue.

*See Image Tech. Serv., Inc. v. Eastman Kodak*, 903 F.2d 612, 615 n.1 (9th Cir.

1990) (holding that plaintiff's failure to raise an issue in opposition to defendant's

motion for summary judgment waived the issue); *Alexopulos ex rel Alexopulos v.*

*Riles*, 784 F.2d 1408, 1410-11 (9th Cir. 1986) (finding tolling argument waived

because the appellants failed to raise it in opposition to summary judgment -- even

though the parties had briefed the general statute-of-limitations issue -- and "did

not provide reasons for their failure"); *Reliance Ins. Co. v. Doctors Co.*, 299 F.

Supp. 2d 1131, 1154 (D. Haw. 2003) ("Failure to raise issues in opposition to

summary judgment functions as a waiver" of the argument.); *see also Samica*

*Enters. LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 666 (9th Cir. 2011)

("Arguments not raised in opposition to summary judgment or in the opening brief before this court are waived.").

In its Motion for Summary Judgment, Defendant argued that Plaintiff cannot base his retaliation claims on discrete acts that occurred more than forty-five days before Plaintiff initiated contact with an EEO counselor regarding those acts, and therefore sought dismissal of Plaintiff's claims to the extent based on such acts. Doc. No. 50-1, Def.'s Mot. at 5. In opposition, Plaintiff failed to raise the argument he asserts now -- that his disability claim is timely as of November 29, 2010, pursuant to *Girard v. Rubin*, 62 F.3d 1244 (9th Cir. 1995), and the VA's determination that Plaintiff met all procedural requirements. In fact, at no point in his Opposition, the February 24, 2014 hearing, or in his Supplemental Brief (struck by the court) did Plaintiff ever contend that the VA was bound by any timeliness determination, or even cite *Girard* or any related cases.

As a result, Plaintiff waived his argument and cannot raise it now over a year later on a Motion for Reconsideration. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (explaining that reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision).

### 3.     *Plaintiff's Argument Lacks Merit*

Finally, even if the court addresses the substance of Plaintiff's argument, it lacks merit.

Plaintiff argues that the Department of Veterans Affairs, Office of Resolution Management ("VA ORM") made an express finding that Plaintiff's disability claim dating back to November 29, 2010 was timely, and Defendant cannot dispute such finding in this action.  Plaintiff's argument is based on *Girard*, which determined that an employer cannot argue that a plaintiff's claims are untimely where the EEOC makes an express timeliness determination, which the employer fails to appeal.  In *Girard*, an IRS employee filed a charge of employment discrimination based on nonselection for a management position and removal from the Regional Management Careers Program ("RMCP"), which had occurred over three years earlier.  62 F.3d at 1245.  In response to an IRS Regional Complaint Center request for information as to why the employee took so long to file his complaint, the employee explained that it was only in talking to an EEO counselor that he learned that his manager did not have authority to take him out of the RMCP program.  *Id.*  Although the IRS rejected the claim as untimely, on appeal the EEOC found the claim was timely because the employee "could not have reasonably known that his discharge from the RMCP was unauthorized and

improper until he was told this fact by the EEO Counselor." *Id.* The IRS did not move for reconsideration and instead complied with the EEOC's ruling and conducted an investigation, resulting in a finding of no discrimination. *Id.*

*Girard* held that the EEOC's determination on timeliness "was a final binding order on the IRS," that the IRS has waived this argument by failing to appeal this determination, and that the IRS could not come into court and re-argue timeliness. *Id.* at 1247. In making this determination, *Girard* distinguished these facts from *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985), which held that "[t]he mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination."

Thus, reading *Boyd* and *Girard* together, a specific, express finding of timeliness is binding upon later litigation, but the mere fact of investigation of a complaint containing untimely allegations does not act as a specific determination on timeliness. Stated differently:

> it is one thing for an agency to accept a claim, conduct an investigation, and discover during the investigation that the claim is untimely. It is quite another thing for the agency to expressly find that the claim is timely (or be told by the EEOC that it is timely and not challenge that finding), investigate the claim, and then challenge

21

> (or re-challenge) timeliness months or years later in a
> civil litigation.  There is no binding waiver in the former
> situation, but there is in the latter.

*Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1253 n.11 (11th Cir.

2012).  And courts have applied this distinction in rejecting that the EEOC's mere

acceptance and investigation of incidents that occur outside the forty-five day

window acts as a specific finding on timeliness.  *See Higdon v. Mabus*, 5 F. Supp.

3d 1199, 1205-06 (S.D. Cal. 2014) (discussing *Girard* and *Boyd* and finding that

the EEOC's acceptance and investigation of incidents that occurred more than

forty-five days prior to the plaintiff's first contact with an EEOC counselor was

not an "indication that the Navy expressly waived the timeliness requirement");

*Rose v. Mabus*, 2010 WL 5139264, at *2 (S.D. Cal. Dec. 13, 2010) (rejecting

waiver argument, and reasoning that "[e]quating the acceptance and investigation

of a complaint with the waiver of any argument that the case is time-barred would

'vitiate any incentive for [government] agencies to investigate and voluntarily

remedy instances of discrimination, lest the agencies risk forfeiting a valid defense

to a potential suit.'" (quoting *Belgrave v. Pena,* 254 F.3d 384, 387 (2d Cir. 2001)

(internal quotation marks omitted)); *Read v. LaHood*, 2010 WL 4236931, at *3

(W.D. Wash. Oct. 20, 2010), *aff'd*, 468 F. App'x 811 (9th Cir. 2012) (determining

that defendant cannot raise timeliness argument where EEOC specifically

determined this issue); *Clarke v. Nicholson*, 2006 WL 657376, at *2 (E.D. Cal. Mar. 15, 2006) ("Since the DVA dismissed Plaintiff's complaint without making a finding of discrimination, it did not waive its timeliness objection.").

Applying these principles to this case, the VA did not make any express determination of timeliness. On August 17, 2011, Plaintiff contacted the EEOC, and on September 20, 2011, Plaintiff filed an EEOC Complaint asserting disability discrimination. Doc. No. 67-2, Pl.'s Ex. 52. Plaintiff's September 20, 2011 EEOC Complaint asserts that the basis for his claims is "Disability (physical and mental)," and that the date of occurrence is "today, and continuous since 11-29-10." *Id.* The VA ORM investigated Plaintiff's claim, and the subsequent report states that Plaintiff's complaint "met all procedural requirements for acceptance" with respect to Plaintiff's claim, which is "whether complainant was discriminated against based on disability or reprisal when on November 29, 2010 through September 15, 2011, the agency has failed to provide him with reasonable accommodation." Doc. No. 135-11, Pl.'s Ex. 9. This statement in the VA ORM does not suggest that it performed any analysis of timeliness, much less made a specific finding that would bind the VA going forward.[9]

_____

[9] Plaintiff argues that a specific timeliness finding was made because he completed a Timeliness Statement as to why his complaint was made more than forty-five days after the first act of discrimination, and the VA ORM accepted this statement in finding that his claim met all

(continued...)

Confirming that no specific finding of timeliness was made is that Plaintiff is asserting Rehabilitation Act claims based on both discrete acts (failure to accommodate) as well as retaliatory hostile work environment. As the March 10, 2014 Order explains, Plaintiff's retaliatory hostile work environment claims may be based on acts occurring more than forty-five days before Plaintiff contacted an EEO counselor so long as one event occurred within the forty-five day window. Thus, where Plaintiff asserted *both* hostile work environment and disability claims, it comes as no surprise that the VA described Plaintiff's claims as including conduct starting November 29, 2010. In fact, in this case Plaintiff *is* asserting a hostile work environment claim dating back to November 30, 2010, and the EEOC Complaint reflects this claim by including the time period from November 29, 2010 through September 15, 2011.

In sum, the court rejects that the VA made any timeliness

---

[9](...continued)
procedural requirements. *See* Doc. No. 135-1, Pl.'s Mot. at 11. But Plaintiff never presented this "Timeliness Statement" as an exhibit to the court, whether in opposition to summary judgment or as an exhibit to Plaintiff's present motion. Needless to say, Plaintiff cannot carry his burden based on evidence absent from the record.

And although Plaintiff did not carry his burden of presenting this evidence, the court reviewed the trial exhibits submitted in this case, including the exhibit Plaintiff identified in his Trial Brief as containing the Timeliness Statement. Contrary to Plaintiff's argument, this document does not suggest that Plaintiff provided any explanation supporting that his disability claim, to the extent based on discrete acts, properly includes acts occurring more than forty-five days after his first contact with an EEO counselor. Rather, in this trial exhibit Plaintiff states that the discrimination at issue began on November 29, 2010 and continued on a "daily basis" to the present, supporting that Plaintiff was asserting, at least in part, a hostile work environment claim.

determination binding on Defendant in this action. Rather, Plaintiff's claim, to the extent based on discrete acts, includes only those acts that occurred on July 3, 2011 or later.

## IV. CONCLUSION

Based on the above, the court DENIES Plaintiff's Motion to Vacate, in Part, the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or for Summary Judgment, Doc. No. 135, and GRANTS Plaintiff's request to limit his Title VII retaliatory hostile work environment claim. For trial, Plaintiff's claims include the following:

(1) Plaintiff's Title VII retaliation claim based on the June 16, 2010 denial of authorized absence, and the removal of Plaintiff from his private office.

(2) Plaintiff's Title VII retaliatory hostile work environment claim based on a refusal to assign Plaintiff meaningful work, actionable beginning April 26, 2010;

(3) Plaintiff's denial of reasonable accommodation Rehabilitation Act claim based on discrete acts occurring on or after July 3, 2011; and

///

///

///

///

(4) Plaintiff's hostile work environment Rehabilitation Act claim, occurring

from November 30, 2010 to the present.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 22, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Yonemoto v. McDonald*, Civ. No. 11-00533 JMS/RLP, Order (1) Denying Plaintiff's Motion to Vacate, in Part, the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or for Summary Judgment, Doc. No. 135; and (2) Granting Plaintiff's Request to Limit His Title VII Retaliatory Hostile Work Environment Claim

26