IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD M. YONEMOTO, | ) CIVIL NO. 11-00533 JMS-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) (1) DENY DEFENDANT'S BILL OF |
| vs. | ) COSTS AND (2) GRANT IN PART AND |
| | ) DENY IN PART PLAINTIFF'S MOTION |
| | ) FOR AN AWARD OF ATTORNEYS' FEES |
| ROBERT A. MCDONALD, | ) AND COSTS |
| SECRETARY, UNITED STATES | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO  (1) GRANT DEFENDANT'S BILL
OF COSTS AND (2) GRANT IN PART AND DENY IN PART PLAINTIFF'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

Before the Court is (1) Defendant's Bill of Costs

("Bill of Costs") and (2) Plaintiff's Motion for an Award of

Attorneys' Fees and Costs ("Motion"), both filed December 14,

2015.  ECF No. 218, 219.  Defendant requests costs of $11,378.80;

Plaintiff requests an award of attorneys' fees of $182,266.38,

which is twenty-five percent of the $731,597.71 in fees incurred,

and costs of $89,711.59.  Pursuant to the parties' stipulation

regarding briefing, oppositions to the Bill of Costs and the

Motion were filed on January 15, 2016.  See ECF Nos. 221, 222.

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

Replies were filed on January 29, 2016.  ECF Nos. 223, 224.
After careful consideration of the submissions of the parties and
the relevant legal authority, the Court FINDS AND RECOMMENDS that
Defendant's Bill of Costs be DENIED and that Plaintiff's Motion
for an Award of Attorneys' Fees and Costs be GRANTED IN PART AND
DENIED IN PART.

<u>BACKGROUND</u>

In this workplace discrimination action, Plaintiff
asserted that he was retaliated against for engaging in protected
activity in violation of Title VII of the Civil Rights Act of
1964 and the Rehabilitation Act, and discriminated against on the
basis of disability in violation of the Rehabilitation Act.  <u>See</u>
ECF No. 198, Findings of Fact and Conclusion of Law, at 2.
Specifically, Plaintiff alleged that over the course of several
years, the Veterans Administration ("VA") retaliated and
discriminated against Plaintiff by, among other things, taking
away his work, transferring him out of his private office into a
semi-public cubicle, and refusing to engage in the interactive
process in response to Plaintiff's requests for accommodations
for diabetes and depression.  <u>Id.</u>

Prior to trial, the district court granted in part
Defendant's motion for summary judgment.  <u>See</u> ECF No. 79.  In
that order, the court granted summary judgment in favor of
Defendant on Plaintiff's Title VII race and national origin

2

discrimination claim, granted summary judgment in favor of Defendant as to claims related to discrete acts for which Plaintiff had failed to file a timely charge with the EEOC, and granted summary judgment in favor of Defendant as to Plaintiff's claim for denial of reimbursement. See id. at 26, 35-36, 43; see also ECF No. 139 (Order (1) Denying Plaintiff's Motion to Vacate, in Part, the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or for Summary Judgment, Doc. No. 135; and (2) Granting Plaintiff's Request to Limit His Title VII Retaliatory Hostile Work Environment Claim).

In its Findings of Fact and Conclusions of Law issued after trial in this matter, the district court stated that Plaintiff repeatedly attempted throughout this litigation to expand his claims beyond what was alleged in his pleadings and the EEOC investigations. ECF No. 198 at 2-3. The district court stated that after extensive motion practice the scope of Plaintiff's claims became defined as follows: (1) a Title VII retaliation claim based on his placement into a semi-public cubicle on April 29, 2010, and a denial of authorized absence (leave with pay) on June 16, 2010; (2) a Title VII retaliatory hostile work environment claim based on a refusal to assign Plaintiff meaningful work and continued placement in a cubicle, actionable beginning April 26, 2010; (3) a Rehabilitation Act denial of reasonable accommodation claim based on discrete acts

3

occurring on or after July 3, 2011; and (4) a hostile work environment Rehabilitation Act claim, occurring from November 30, 2010 to the present.  Id.

The district court summarized that the evidence revealed that Plaintiff had significant personality and interpersonal problems that prevented him from effectively carrying out his work during the relevant time period, and that "by and large" it was these interpersonal problems, and not any unlawful retaliation and/or discrimination, that caused the events that are the basis of Plaintiff's claims.  Id. at 5.  The district court concluded that Plaintiff failed to prove by a preponderance of the credible evidence that Defendant retaliated against Plaintiff in violation of Title VII or the Rehabilitation Act, except as to Plaintiff's Title VII retaliation claim based on the June 16, 2010 denial of authorized absence, and found that Plaintiff did not prevail on his Rehabilitation Act claim that he was denied accommodation.  Id. at 73-122.  In other words, Plaintiff only prevailed on his Title VII retaliation claim based on the June 16, 2010 denial of authorized absence.  Plaintiff did not prevail on his Title VII retaliation claim based on his placement into a semi-public cubicle, his Title VII retaliatory hostile work environment claim, his Rehabilitation Act denial of reasonable accommodation claim, or his hostile work environment Rehabilitation Act claim.  As to the one Title VII claim on which

4

Plaintiff prevailed, the district court found that Plaintiff was entitled to equitable relief in the form of back pay pursuant to 42 U.S.C. § 2000e-5(g)(1) in the amount of $117.40, and compensatory damages pursuant to 42 U.S.C. § 1981a(b)(3) in the amount of $1,750.00.  Id. at 122-123.

Judgment was entered on July 10, 2015.  After the parties agreed to numerous extensions of time, the present Bill of Costs and Motion were filed.  See ECF Nos. 201, 212, 214, 215, 216, 217.

ANALYSIS

Defendant seeks an award of costs pursuant to Federal Rule of Civil Procedure 54(d).  See ECF No. 218-1.  Plaintiff also seeks an award of costs pursuant to Rule 54(d) and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), which applies in Title VII actions.  See ECF No. 219 at 2.

Both statutes applicable in this case allow the court to award of costs and attorneys' fees to "the prevailing party." See Fed. R. Civ. P. 54(b)(1); 42 U.S.C. § 2000e-5(k). Specifically, Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 2000e-5(k) provides that the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee

5

. . . as part of the costs."  42 U.S.C. § 2000e-5(k).

Accordingly, the Court must first determine which party is "the prevailing party."

**I.  The Court Finds that Plaintiff is the Prevailing Party Under Rule 54(d) and 42 U.S.C. § 2000e-5(k).**

The Ninth Circuit applies the same "prevailing party" analysis articulated by the Supreme Court to requests for costs under Rule 54(d) and requests for attorneys' fees in civil rights actions.  See Miles v. California, 320 F.3d 986, 989 (9th Cir. 2003).  A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  Relief "on the merits" occurs when the material alteration of the parties' legal relationship is accompanied by "judicial *imprimatur* on the change."  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).  A plaintiff is the prevailing party if he obtains "[a] judgment for damages in any amount" because that judgment "modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."  Farrar, 506 U.S. at 113.

Here, Plaintiff prevailed on one of his Title VII claims and was awarded equitable relief in the form of back pay

in the amount of $117.40 and compensatory damages in the amount of $1,750.  Based on this award of damages, the Court finds that Plaintiff is the prevailing party for purposes of Rule 54(d) and 42 U.S.C. § 2000e-5(k) and is eligible for an award of costs and fees.  Plaintiff's limited success on the merits does not prevent the Court from determining that he is the prevailing party.  See Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989) (holding that the plaintiff's limited success was "critical to the determination of the size of a reasonable fee" but should not be considered in determining "prevailing party" status).  As discussed in detail below, Plaintiff's limited success is considered by the Court in determining the reasonable fees and costs to be awarded.

**II.   The Court Recommends that Defendant's Bill of Costs Be Denied Because Defendant is Not the Prevailing Party.**

As noted above, the Court finds that Plaintiff is the prevailing party.  Although not expressly stated, Defendant appears to argue in its Bill of Costs that it should also be considered the prevailing party because judgment was entered in its favor on the majority of Plaintiff's claims.  See ECF No. 223 at 1-2.  However, Defendant does not cite any authority to support the assertion that both sides can be found to be "the prevailing party" for purposes of Rule 54(d).

"Because a plaintiff prevails by achieving some of the

7

benefit sought in bringing suit . . . it follows that a defendant is a prevailing party only if the plaintiff obtains no relief whatsoever from the litigation." 10 James Wm. Moore et al., Moore's Federal Practice § 54.171[3][c][iv] (3d ed. 2015). Although other courts have expressly stated that "the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one," Ninth Circuit precedent is not as clear. See, e.g., Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award."). In support of its argument, Defendant cites Cornwell Quality Tools Co. v. CTS Co., in which the Ninth Circuit stated, without analysis, that "the district court has broad discretion in apportioning and taxing costs where, as here, neither party completely prevailed." 446 F.2d 825, 833 (9th Cir. 1971). In that case, both parties were granted directed verdicts. Id. at 827. However, there is no information in the Ninth Circuit's opinion regarding how the district court awarded costs to the parties. Id. The Ninth Circuit reiterated this statement eight years later in Economics Lab., Inc. v. Donnolo, 612 F.2d 405, 411 (9th Cir. 1979). However, in that case, the district court did

not split the costs between the parties, but rather disallowed certain costs to the one prevailing party.  Id.

The Court rejects Defendant's suggestion that Rule 54(d) allows the Court to award costs to both Defendant and Plaintiff.  The Court finds that the better approach is to consider Plaintiff's limited success on his claims in this action in the Court's exercise of its discretion to award costs to Plaintiff as the prevailing party.  The Ninth Circuit has held that the district court can consider whether "the prevailing party's recovery was nominal or partial" in exercising its discretion to deny costs under Rule 54(d).  Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (listing possible grounds for denying costs); see also Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs.") (citation omitted).

Although a few district courts in this circuit have awarded costs to both the plaintiff and the defendant under Rule 54(d) where the plaintiff prevailed on only a few of its claims, the Court does not find these cases persuasive because they do not contain any analysis of the issue.  See Andresen v. Int'l Paper Co., No. 2:13-cv-02079-CAS(AJWx), 2015 WL 3648972, at *5 (C.D. Cal. June 10, 2015) (awarding costs to both parties where

9

the plaintiff recovered on only one of his claims and was awarded a small fraction of his requested damages); <u>McBurnie v. City of Prescott</u>, No. CV-09-8139-PCT-FJM, 2011 WL 5057090, at *1 (D. Az. Oct. 24, 2011) (holding that the defendants were "clearly the prevailing party," but that "the clerk of the court reasonably apportioned costs based on each parties' relative success on the claims").  Given the Ninth Circuit precedent regarding the proper consideration of a plaintiff's limited success and the plain language of Rule 54(d), which states that costs may be awarded to "the prevailing party," the Court RECOMMENDS that the district court DENY Defendant's Bill of Costs.  As discussed in detail below, the Court considers Plaintiff's limited success in determining the costs and fees to be awarded.

## II.  The Court Recommends that Plaintiff's Motion Be Granted in Part and Denied in Part.

In his Motion, Plaintiff asks the Court to award attorneys' fees and taxes in the amount of $182,266.38, which represents twenty-five percent of the $731,597.71 in fees incurred, and costs in the amount of $89,711.59.  For the reasons detailed below, the Court RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion.

### A.  Plaintiff's Request for Attorneys' Fees

Courts use the lodestar method for calculating an award of reasonable attorneys' fees.  <u>Hensley v. Eckerhart</u>, 461 U.S.

424, 433 (1983).  A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." <u>Id.</u>  Once calculated, the lodestar amount is presumptively reasonable.  <u>See</u> <u>Penn. v. Del. Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987). However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors:  the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.  <u>See</u> <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975); <u>Fischer v. SJB-P.D., Inc .</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996); <u>Davis v. City & Cnty. of SF</u>, 967 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated</u> <u>in</u> <u>part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).  The fee should be "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 552 (2010).  The fee awarded should help to enforce "civil rights statutes, not to provide a form of economic relief to improve the financial lot of attorneys."  <u>Id.</u> (quotation omitted).

Two law firms performed work for Plaintiff in this action.  The attorneys' fees for work performed by Mr. Varady's law firm are:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Carl M. Varady, Esq. | 1144.3 | $350.00 | $400,505.00 |
| Joyce Matsumori Hoshijo, Esq. | 631.2 | $200.00 | $126,240.00 |
| Ashley V. Labasan, Esq. | 168.34 | $150.00 $100.00 | $22,963.34 |
| | | Subtotal | $549,708.34 |
| *Reduction by counsel for hours incurred but not billed* | | | ($58,765.00) |
| | | Subtotal | $490,943.34 |
| | General Excise Tax (4.712%) | | $23,133.25 |
| | | TOTAL | **$514,076.59** |

ECF No. 219-1 at 22; ECF No. 219-2 ¶¶ 35-36.  The attorneys' fees for work performed by the law firm of Smith Himmelmann, AAL, ALC are:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Elbridge W. Smith, Esq. | 431.67 33.00 | $325.00 $325.00 | $140,292.75 $10,725.00 |
| Raymond Laing, Esq. | 39.9 48.5 | $300.00 $300.00 | $11,970.00 $14,550.00 |
| Perry Ann Howell, Esq. | 18.1 | $225.00 | $4,072.50 |
| Elbridge Z. Smith, Esq. | 39.25 | $125.00 | $4,906.25 |
| Marcelle L. Arakaki, paralegal | 51.55 | $100.00 | $5,155.00 |
| Michelle K. Stewart, paralegal | 214.15 | $75.00 | $16,061.25 |
| | | Subtotal | $207,732.75 |
| | General Excise Tax (4.712%) | | $9,788.37 |

| | |
|---|---|
| **TOTAL** | **$217,521.12** |

Id.  In total, Plaintiff asserts that he incurred $731,597.71 in attorneys' fees and taxes.  Id.  However, Plaintiff only seeks to recover twenty-five percent of the total amount of fees incurred, or $182,266.38.  Id. at 33.

## 1.  Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).  Based on the information provided by counsel and the Court's knowledge of the prevailing rates in the community, the Court finds that the hourly rates requested are reasonable.

## 2.  Reasonable Hours Spent

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit

13

evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged.  Gates, 987 F.2d at 1397-98. The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, Defendant does not challenge any of the specific time entries provided by Plaintiff's counsel.  See ECF No. 221. Instead, Defendant argues that Plaintiff's requested fees must be reduced to account for Plaintiff's limited success.  Id.  As noted above, Mr. Varady's law firm worked 1943.84 hours and the law firm of Smith Himmelmann worked 876.12 hours.  ECF No. 219-1 at 22.  Plaintiff's counsel provided detailed time entries reflecting the hours worked by counsel.  See ECF Nos. 219-5 to 219-16, 219-23, 219-24.

The Court must consider Plaintiff's limited success in determining whether the hours requested are reasonable.  See

Morales v. City of San Rafael, 96 F.3d 359, 364 (9th Cir. 1996)
("The district court was not only free but obligated to consider
the results obtained by plaintiff, or the extent of his success,
in calculating the lodestar figure.") (quotation omitted).
quoting Hensley, 461 U.S. at 436, 440 and McGinnis, 51 F.3d at
810 (stating that the number of hours used to calculate the
lodestar figure must be "reasonable in relation to the success
achieved")).  Where a plaintiff achieves only partial success,
"[t]he district court may attempt to identify specific hours that
should be eliminated, or it may simply reduce the award to
account for the limited success." Hensley, 461 U.S. at 436-37.
The Court must first determine whether the claim upon which
Plaintiff failed to prevail were related to Plaintiff's
successful claims.  Schwarz v. Sec'y of Health and Human Servs.,
73 F.3d 895, 901-02 (9th Cir. 1995) (citing Thorne v. City of El
Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986)).  "If unrelated,
the final fee award may not include time expended on the
unsuccessful claims." Id. (quoting Thorne, 802 F.3d at 1141).
If all of Plaintiff's claims are related, then the Court must
evaluate the significance of the relief obtained and determine
what compensation is appropriate.  Id.

### a.  Plaintiff's Claims are Unrelated

Courts recognize that "there is no certain method of
determining when claims are 'related' or 'unrelated.'" Hensley,

461 U.S. at 434-35.  The Court should consider whether the claims "involve a common core of facts or [are] based on related legal theories."  Id.  Additionally, the Court should consider "whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised."  Thorne, 802 F.2d at 1141 (internal quotation omitted).  "Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'  If they didn't, they are unrelated under Hensley."  Id.

Here, the Court finds that Plaintiff's unsuccessful claims are "distinctly different claims for relief based on different facts and legal theories from the claim on which [he] ultimately prevailed."  See Schwarz, 73 F.3d at 904.  Plaintiff's successful claim for Title VII retaliation based on the June 16, 2010 denial of authorized absence is factually unrelated to Plaintiff's unsuccessful claims.  The district court set forth all of the facts related to Plaintiff's successful claim in three paragraphs of the Findings of Fact and Conclusions of Law.  See ECF No. 198 ¶¶ 76-78.  These facts are that Plaintiff requested and was denied leave by his supervisors.  Id.  These facts do not form the basis for any of Plaintiff's other unsuccessful claims.  In addition to being factually distinct, two of Plaintiff's

16

unsuccessful claims were based on different legal theories from the Title VII claim on which he prevailed, namely the Rehabilitation Act.  Although Plaintiff's third unsuccessful claim was also brought under Title VII, the facts underlying that claim were based on his placement into a semi-public cubicle, which are entirely distinct from the facts that support Plaintiff's successful Title VII claim regarding denial of authorized absence.

The Court rejects Plaintiff's argument that all of his claims are based on the same "course of conduct" of supervisor retaliation.  See ECF No. 224 at 18-19.  In fact, the district court specifically found that Plaintiff's supervisor had previously "given Plaintiff unlimited time to work on his EEO cases at work" and had "approved over 100 hours of authorized absence" for EEO activities.  ECF No. 198 ¶ 76.  Based on these factual findings, the Court concludes that Plaintiff's unsuccessful claims based on his placement into a semi-public cubicle, lack of meaningful work, and violations of the Rehabilitation Act were entirely distinct and separate from the denial of authorized absence.  The Court also rejects Plaintiff's argument that his claims are related because he held the same position and had the same supervisor throughout the relevant time period.  ECF No. 224 at 9-10.  Although the same actors may be involved, this is not sufficient to support a finding that

Plaintiff's successful claim based on a discrete act in denying his request for authorized leave in June 2010 was factually related to his claims based on his office move, lack of meaningful work, or acts that occurred after July 2011 or after November 2010. The Court concludes that Plaintiff's several unsuccessful claims are unrelated to his lone successful claim. Accordingly, "the final fee award may not include time expended on the unsuccessful claims." Schwarz, 73 F.3d at 901 (quoting Thorne, 802 F.3d at 1141).

> **b. Time Spent on Plaintiff's Unsuccessful Claims Must Be Excluded**

"Once a district court concludes that a plaintiff has pursued unsuccessful claims that are unrelated to the successful claim, its task is to exclude from the calculation of a reasonable fee all hours spent litigating the unsuccessful claims." Schwarz, 73 F.3d at 905 (citing Hensley, 461 U.S. at 440). None of Plaintiff's counsel's time entries specify work done on Plaintiff's one successful claim and Plaintiff does not attempt to identify any specific time entries that relate to his successful claim in his Motion. After reviewing counsel's time records, the Court is unable to identify specific hours that should be eliminated; therefore, it will instead "reduce the award to account for the limited success." Hensley, 461 U.S. at 436-37, 440 ("A reduced fee award is appropriate if the relief,

18

however significant, is limited in comparison to the scope of the litigation as a whole.").[2]

Based on a review of the record in this case, the Court concludes that a significant reduction in the requested fees is appropriate to account for Plaintiff's very limited success in this action.  See McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 808, 810 (9th Cir. 1994) ("The district court must reduce the attorneys fee award so that it is commensurate with the extent of the plaintiff's success.").  "Although the Supreme Court has disavowed a test of strict proportionality, it also suggested that a comparison of damages awarded to damages sought is required."  McCown, 565 F.3d at 1104.  "Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."  Farrar, 506 U.S. at 114 (quoting Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring in

_____

[2] The Ninth Circuit is clear that any fees awarded in civil rights litigation "must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit."  McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2008).  Based on the claim at issue and the relief granted, the Court finds that Plaintiff's successful claim did not confer a meaningful public benefit.  There is no indication that this action has affected a change in Defendant's policy or has acted as a deterrent to further civil rights violations.  As noted above, the district court expressly found that Defendant had previously given Plaintiff unlimited time at work and over 100 hours of authorized absence for EEO activities.

judgment)).  "Such a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'"  <u>Farrar</u>, 506 U.S. at 114 (quoting <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 96 (1989)). "Where the amount of damages received is only a fraction of total relief sought, courts have often reduced the fee award by a percentage to take into account limited success."  <u>James v. City and Cnty. of Honolulu</u>, Civil No. 13-00397 JMS, 2015 WL 159015, at *2 (D. Haw. Jan. 13, 2015).

Here, Plaintiff requested a total of $672,980.74 in damages and recovered only $1,867.40, or less than 0.3% of the amount of damages sought.  <u>Compare</u> ECF No. 126, Plaintiff's Trial Brief, at 81 <u>to</u> ECF No. 199, Judgment, at 2.  Plaintiff requests $182,266.38 in attorneys' fees -- more than 97 times the amount of damages that Plaintiff recovered.[3]  The Court finds that the attorneys' fees requested are grossly disproportionate to the damages Plaintiff was awarded for his one successful claim.  The Court rejects Plaintiff's suggestion that he is entitled to recover twenty-five percent of the total fees incurred because he prevailed on one of four claims at trial.  <u>See</u> ECF Nos. 219, 224. Plaintiff's argument assumes, incorrectly, that all of Plaintiff's claims required equal effort or that a twenty-five

---

[3] The Court notes that the total fees incurred by Plaintiff, $731,597.71, are 392 times the amount of damages that Plaintiff recovered in this action.

percent recovery is commensurate with Plaintiff's limited

success.  After review of the record in this case, it is evident

that Plaintiff's successful claim did not require significant

resources during discovery, dispositive motions, or trial.  For

example, Defendant notes that only two of the fourteen

depositions conducted in this case discussed this claim.  See ECF

No. 221 at 22.  In denying summary judgment on this claim in

2014, the district court discussed the claim on three of its

forty-six page order.  See ECF No. 79 at 11-12, 42.  Plaintiff's

eighty-one page Trial Brief devotes less than one page to his

successful claim.  See ECF No. 126 at 46-47.  In the district

court's Findings of Fact and Conclusions of Law, Plaintiff's

successful claim was resolved in seven paragraphs:  three

paragraphs of facts; three paragraphs of application of law; one

paragraph regarding damages.  See ECF No. 198 ¶¶ 76-78, 144-146,

226.  In comparison, the district court devoted over 200

paragraphs to Plaintiff's unsuccessful claims.  See id.

          In light of Plaintiff's limited success in this action,

the Court finds that a reasonable attorneys' fee award is

$10,000.  This amount is more than five times the amount of

damages that Plaintiff recovered on his one successful claim.

The Court notes that this is not a strict proportionality

reduction.  If the Court applied the same ratio of Plaintiff's

recovered damages to requested damages to Plaintiff's attorneys'

fees, Plaintiff would only be entitled to approximately $2,200 in fees ($731,597.71 x 0.003 = $2,194.79).  The Court's recommendation is based on its careful review of the fees requested, the amount of damages recovered, and the record regarding Plaintiff's successful claim.  The Court finds that an award of $10,000 in attorneys' fees is reasonable and commensurate with Plaintiff's limited success.  See, e.g., James v. City and County of Honolulu, Civil No. 13-00397 JMS, 2015 WL 438175, at *5 (D. Haw. Feb. 3, 2015) (reducing the attorneys' fees awarded by sixty percent where the plaintiff settled for $21.00 and the return of her personal property and finding that a further reduction was not warranted because the defendant refused to consider early settlement and failed to return her personal property until after dispositive motions had been filed); Jones v. McGill, No. 1:08-CV-00396-LJO- DLB, 2009 WL 1862457, at *5 (E.D. Cal. June 29, 2009) (limiting the award of attorneys' fees to $20,000 where the plaintiff sought more than $15 million in damages, but was awarded $9,990).  As detailed above, two law firms performed work for Plaintiff in this action.  Based on the percentage of fees requested as between the two firms, the Court finds that the reasonable fees for Mr. Varady's law firm are $7,000 and the reasonable fees for the law firm of Smith Himmelmann are $3,000.

    **B.   The Court Recommends that Plaintiff's Request for**

**Costs and Expenses be Granted in Part and Denied in Part.**

Plaintiff asks the Court to award him the full amount of costs and expenses that he incurred in this action, $89,711.59. See ECF No. 219. Costs are presumptively awarded to the prevailing party under Rule 54(d); however, the court retains discretion to deny an award of costs for various reasons. See Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (holding that the district court did not abuse its discretion in denying costs to the prevailing defendant in a Title VII action); Cummings v. Connell, 316 F.3d 886, 899 (9th Cir. 2003) ("the district court *may* reduce costs to reflect limited success on the merits"). Here, the Court recommends that Plaintiff's request for costs and expenses be reduced in the same proportion as his request for attorneys' fees to account for his limited success. As detailed above, Plaintiff only prevailed on one claim that did not require significant discovery, motions practice, or presentation of evidence at trial. The Court RECOMMENDS that the district court AWARD Plaintiff $1,225 for costs and expenses to be divided equally between his two law firms.

<u>CONCLUSION</u>

The Court FINDS AND RECOMMENDS that Defendant's Bill of Costs be DENIED and that Plaintiff's Motion for an Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.

23

The Court RECOMMENDS that the district judge AWARD Plaintiff

$10,000.00 in attorneys' fees and $1,225.00 in costs and

expenses.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 19, 2016.



_____
Richard L. Puglisi
United States Magistrate Judge

**YONEMOTO V. MCDONALD; CIVIL NO. 11-00533 JMS-RLP; FINDINGS AND
RECOMMENDATION TO (1) DENY DEFENDANT'S BILL OF COSTS AND (2) GRANT IN
PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES AND COSTS**