IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD M. YONEMOTO, | ) | CIVIL NO. 11-00533 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATION TO |
| vs. | ) | (1) DENY DEFENDANT'S BILL |
| | ) | OF COSTS; AND (2) GRANT IN |
| ROBERT A. MCDONALD, | ) | PART AND DENY IN PART |
| SECRETARY, UNITED STATES | ) | PLAINTIFF'S MOTION FOR AN |
| DEPARTMENT OF VETERANS | ) | AWARD OF ATTORNEYS' FEES |
| AFFAIRS, | ) | AND COSTS, DOC. NO. 226 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO (1) DENY DEFENDANT'S BILL OF COSTS; AND (2) GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS, DOC. NO. 226**

## I.  INTRODUCTION

At issue is the reasonable attorneys' fees and costs for Plaintiff

Ronald Yonemoto ("Plaintiff"), where: (1) the court determined after an 11-day

bench trial that Plaintiff prevailed on one of four remaining claims in Plaintiff's

workplace discrimination action against Defendant Robert A. McDonald,

Secretary, United States Department of Veterans Affairs ("Defendant");

(2) Plaintiff requested $672,980.74 in damages but the court awarded $1,867.40;

and (3) Plaintiff now seeks $182,266.38 in attorneys' fees (25% of the attorneys'

fees actually incurred) and $89,711.59 in costs.

Currently before court is Plaintiff's Objections to Magistrate Judge Richard L. Puglisi's February 19, 2016 Findings and Recommendation to (1) Deny Defendant's Bill of Costs; and (2) Grant in Part and Deny in Part Plaintiff's Motion for an Award of Attorneys' Fees and Costs ("F&R"), Doc. No. 228.  For the reasons that follow, the court **OVERRULES** Plaintiff's objections and **ADOPTS** the F&R.

## II.  BACKGROUND

The court has previously discussed the factual and procedural history of this case at length in both its summary judgment order, Doc. No. 79, and its Findings of Fact and Conclusions of Law ("FOF/COL"), Doc. No. 198.  In addition, the F&R summarizes both the factual and procedural history of this case, Doc. No. 226, F&R at 2-5, and Plaintiff "does not contest the accuracy with which the factual recitations in the [F&R] reiterate those set forth in the Court's ruling." Doc. No. 228, Objections at 2.  Accordingly, the court discusses only certain post-trial events relevant to this Order.

After the 11-day bench trial, the court "determined that Plaintiff has established by a preponderance of the evidence his Title VII retaliation claim based on the June 16, 2010 denial of authorized absence [for EEO activities].

Plaintiff has not, however, prevailed on any of his other claims."[1]  Doc. No. 196.

The parties subsequently stipulated that Plaintiff was entitled to $1,867.40 in

damages, Doc. No. 197, and the court issued its FOF/COL.  No. 198.

The FOF/COL described Plaintiff's victory as "limited."  Doc. No.

198, FOF/COL at page 9.  In fact, Plaintiff prevailed on a very discrete claim, one

that resulted in an extremely limited success when compared to the relief sought.

At trial, Plaintiff pursued four claims:

> (1) a Title VII retaliation claim based on his placement
> into a semi-public cubicle on April 29, 2010, and a
> denial of authorized absence (leave with pay) on June 16,
> 2010; (2) a Title VII retaliatory hostile work
> environment claim based on a refusal to assign Plaintiff
> meaningful work and continued placement in a cubicle,
> actionable beginning April 26, 2010; (3) a Rehabilitation
> Act denial of reasonable accommodation claim based on
> discrete acts occurring on or after July 3, 2011; and (4) a
> hostile work environment claim, occurring from
> November 30, 2010 to the present.

*Id.* at 3.  Plaintiff lost on three of these claims entirely.  *See* Doc. No. 196.  And

Plaintiff's victory on his Title VII claim was based only on the discrete portion of

his claim alleging retaliation for denying him leave with pay on June 16, 2010 to

---

[1] Plaintiff complains that the correct date is actually June 19, 2010.  *See* Doc. No. 228, Objections at 15 n.1.  However, as the court explained in its FOF/COL, "Plaintiff's email requests leave for June 16, 2010," and the court therefore refers to the event as occurring on June 16, 2010.  *See* Doc. No. 198, FOF/COL at 48 n.9.

pursue EEO activities; as to the other portion of the Title VII retaliation claim, the court found that "Plaintiff was moved to a semi-public cubicle for legitimate reasons." *Id.* at ¶ 143.

On December 14, 2015, Defendant filed a bill of costs seeking $11,378.80 pursuant to Federal Rule of Civil Procedure 54(d).  Doc. No. 218. Plaintiff's Motion for Attorney's Fees and Costs ("Motion") followed, in which he sought costs pursuant to Rule 54(d) as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), which applies to Title VII actions.  Doc. No. 219.  Specifically, Plaintiff's Motion sought $182,266.38 in attorneys' fees (25% of the attorneys' fees actually incurred) and $89,711.59 in costs, for a total award of $271,977.97.  *Id.*  Plaintiff was represented by two law firms during this litigation -- the Law Office of Carl M. Varady and Smith Himmelmann, AAL, ALC -- and his Motion seeks fees and costs for work done by both firms.

The F&R recommended (1) denying Defendant's Bill of Costs because Plaintiff is the "prevailing party"; and (2) reducing Plaintiff's requested fees and costs in light of Plaintiff's limited success in the litigation.  Doc. No. 226, F&R.  Specifically, the F&R recommended that Plaintiff be awarded $10,000 in attorneys' fees and $1,225 in costs, for a total award of $11,225.  *See id.* at 21, 23. The F&R came to this figure after determining that Plaintiff's successful claim

4

was distinct from his unsuccessful claims and finding it "evident that Plaintiff's successful claim did not require significant resources during discovery, dispositive motions, or trial." *Id.* at 21.

Plaintiff timely filed Objections to the F&R.  Doc. No. 228.  In response, Defendant filed an Opposition urging the court to adopt the F&R.  *See* Doc. 230, Defendant's Opposition at 2.[2]  Pursuant to Local Rule 7.2(d), the court determines this matter without a hearing.

## III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been

---

[2]  Defendant does not object to the F&R's denial of its Bill of Costs.  *Id.* at 3.

rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV.  DISCUSSION

Plaintiff makes two legal objections.  First, Plaintiff argues the F&R erroneously concluded that Plaintiff achieved only partial success.  Doc. No. 228, Objections at 5.  Second, Plaintiff objects to the F&R's finding that Plaintiff's claims are unrelated.  *Id.* at 8.  As a result, Plaintiff objects to the F&R's ultimate recommendation Plaintiff be awarded $10,000 in attorneys' fees and $1,225 in costs.  *Id.* at 20-35.  For the reasons that follow, the court overrules Plaintiff's objections after *de novo* review and ADOPTS the F&R.

### A.   Plaintiff Achieved Limited Success

Plaintiff argues that the F&R legally erred by finding that Plaintiff's success was "less than complete."  Doc. No. 228, Objections at 5.  According to Plaintiff, the F&R should have considered that, after Plaintiff prevailed on his lone claim, he purportedly "indelibly changed" his working relationship with his

6

supervisor. *Id.* Plaintiff further contends that "[i]t is that vindication and the corollary shift in working relationship that should drive the Court's analysis regarding the extent of success, not merely looking at the dollar amount awarded." *Id.* The court disagrees.

"It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the extent of success and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (quotations omitted). Indeed, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). *See also id.* at 433 n.7 (explaining that the same standards for attorneys' fees awards under 42 U.S.C. § 1988 also apply to prevailing Title VII plaintiffs). Further, "attorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008). Moreover, where "recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114

7

(1992) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 585 (1986)).

Here, Plaintiff clearly only obtained limited success on the merits and there is no evidence that Plaintiff's lone successful claim offered "a meaningful public benefit." *McCown* at 1103. *See also* Doc. No. 226, F&R at 19.n.2. To the contrary, even Plaintiff argues that he achieved only a personal benefit -- that is, Plaintiff asserts that his relationship with his supervisor has "indelibly changed." Doc. No. 228, Objections at 4-5.

The court fully agrees with Magistrate Judge Puglisi's finding that, "[t]here is no indication that this action has affected a change in Defendant's policy or has acted as a deterrent to further civil rights violations. As noted above, the district court expressly found that Defendant had previously given Plaintiff unlimited time at work and over 100 hours of authorized absence for EEO activities." Doc. No. 226 at 19 n.2.

Moreover, the record establishes that recovering damages was Plaintiff's primary objective during litigation. *See* Doc. No. 126, Plaintiff's Trial Brief at 81. As such, the F&R properly considered "the relationship between the extent of success and the amount of the fee award." *McGinnis*, 51 F.3d at 810. Specifically, the F&R stated:

> Plaintiff requested a total of $672,980 in damages and recovered only $1,867.40, or less than 0.3% of the

> amount of damages sought . . . . Plaintiff requests
> $182,266.38 in attorneys' fees -- more than 97 times the
> amount of damages that Plaintiff recovered.

Doc. No. 226, F&R at 20.  The F&R therefore properly recognized the court's obligation "to give primary consideration to the amount of damages awarded as compared to the amount sought."  *Farrar*, 506 U.S. at 114.

In sum, the F&R carefully evaluated the record and appropriately applied the law.  By contrast, Plaintiff's objection has no basis in either the record or the law.  As such, the court OVERRULES this objection to the F&R.

## B.    Plaintiff's Successful Claim is Unrelated

Plaintiff argues that his successful claim is legally and factually related to his unsuccessful claims.  Doc. No. 228, Objections at 8-20.  Plaintiff contends that his claims are factually related because they all stem from the same "course of conduct."  *Id.* at 10.  That is, Plaintiff argues that all of his claims are rooted in Plaintiff's supervisor's "improperly motivated decision-making regarding [Plaintiff's] terms and conditions of employment."  *Id.*  Plaintiff also argues that his claims had "substantially the same" legal issues in common.  *Id.* at 17.

"Claims are *unrelated* if the successful and unsuccessful claims are 'distinctly different' *both* legally *and* factually; claims are related, however, if they

involve a common core of facts *or* are based on related legal theories." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (alterations and citations omitted). While "there is no certain method of determining when claims are 'related' or 'unrelated,'" *Hensley*, 461 U.S. at 437 n.12, "the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct." *Dang*, 422 F.3d at 813 (quotations and citations omitted).  Toward that end, the court considers "whether [the] relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Thorne v. City of El Segundo*, 802 F. 2d 1131, 1141 (internal quotation omitted).

After conducting a *de novo* review, the court agrees completely with the F&R that "Plaintiff's unsuccessful claims are 'distinctly different claims for relief based on different facts and legal theories from the claim on which [he] ultimately prevailed.'" Doc. No. 226, F&R at 16 (quoting *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 901-02 (9th Cir. 1995)).  As the F&R correctly explains:

> The district court set forth all of the facts related to Plaintiff's successful claim in three paragraphs of the Findings of Fact and Conclusions of Law.  These facts are that Plaintiff requested and was denied leave by his supervisors.  These facts do not form the basis for any of Plaintiff's other unsuccessful claims.  In addition to

> being factually distinct, two of Plaintiff's unsuccessful
> claims were based on different legal theories from the
> Title VII claim on which he prevailed, namely the
> Rehabilitation Act.  Although Plaintiff's third
> unsuccessful claim was also brought under Title VII, the
> facts underlying that claim were based on his placement
> into a semi-public cubicle, which are entirely distinct
> from the facts that support Plaintiff's successful Title VII
> claim regarding denial of authorized absence.

Doc. No. 226, F&R at 16-17.

Plaintiff's argument that all of his claims are factually related because they rely on the same "course of conduct" is unpersuasive.  As the FOF/COL determined, the facts underlying Plaintiff's successful Title VII retaliation claim were specific to a single "discrete" act.  *See* Doc. No. 198 at pages 43 & 48-49 at ¶¶ 76-78.  Indeed, as the FOF/COL explained, Defendant "approved over 100 hours" of paid leave for Plaintiff's EEO activities, thereby demonstrating that Defendant's June 16, 2010 denial of leave for EEO activities was an aberration.  *Id.* ¶ 76.

Plaintiff nonetheless argues that three of his four claims are legally related because the "legal standards are the same for discrete retaliatory acts of and hostile environment retaliation."  Doc. No. 228, Objections at 14.  Specifically, Plaintiff argues the following claims are legally related: "(1) a Title VII retaliatory hostile work environment claim that began April 29, 2010; (2) the Title VII

11

retaliation claim based on the June 16, 2010[] denial of [authorized absence]; and (3) a hostile work environment Rehabilitation Act claim." *Id.* at 11.  The court disagrees.

Plaintiff's sole successful claim was his Title VII retaliation claim based on a discrete act, which required Plaintiff to advance a legal theory that "'(1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action.'"  Doc. No. 198, FOF/COL ¶ 129 (quoting *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007)).  By contrast, Plaintiff's Title VII retaliatory hostile work environment claim required more -- "[r]etaliation in the form of a hostile work environment is actionable only if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* ¶ 147 (quotations omitted).  That is, Plaintiff's Title VII hostile work environment claim was distinguishable from Plaintiff's successful Title VII retaliation claim because it required Plaintiff to advance the legal theory that the adverse employment action was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Id.*  So, too, with Plaintiff's hostile work environment Rehabilitation Act claim.  *See id.* ¶ 161 (explaining that "the

analytical framework outlined above for Plaintiff's Title VII retaliatory hostile work environment claim applies to Plaintiff's Rehabilitation Act retaliatory hostile work environment claim as well").  Accordingly, both of Plaintiff's unsuccessful retaliatory hostile work environment claims are legally distinct from Plaintiff's successful claim.

In sum, Plaintiff's successful claim is legally and factually distinct from Plaintiff's unsuccessful claims.  As such, the court OVERRULES this objection to the F&R.

## C.    Plaintiff's Requested Attorneys' Fees and Costs Are Unreasonable

The final fifteen pages of Plaintiff's Objections reiterate Plaintiff's view that he is entitled to an award of attorneys' fees of $182,266.38 and costs in the amount of $89,711.89.  Doc. No. 228, Objections at 20-35.  Plaintiff identifies no legal or factual error in the F&R's analysis, but he objects to the F&R's ultimate recommendation that Plaintiff's fees and costs be reduced.  According to Plaintiff, he accounted for his limited success and he reasonably reduced his attorneys' fees when he submitted his Motion.  *Id.* at 20.  The court disagrees.

Where a plaintiff is the "prevailing party" but lost on one or more claims, the court applies a two-part test in order to assess the plaintiff's reasonable attorneys' fees:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Thorne*, 820 F.2d at 1141 (9th Cir. 1986) (quoting *Hensley*, 461 U.S. at 434-35).

As explained above, the court has already determined that Plaintiff's successful and unsuccessful claims are not related. And "[o]nce a district court concludes that a plaintiff has pursued unsuccessful claims that are unrelated to the successful claim, its task is to exclude from the calculation of a reasonable fee all hours spent litigating the unsuccessful claim." *Schwarz*, 73 F.3d at 904 (citing *Hensley*, 461 U.S. at 440).

Toward that end, the court has carefully reviewed the record and agrees with the F&R that "[n]one of Plaintiff's counsel's time entries specify work done on Plaintiff's one successful claim and Plaintiff does not attempt to identify any specific time entries that relate to his successful claim in his Motion." Doc. No. 226, F&R at 18. The court also agrees with the F&R that the appropriate

course of action is therefore to "reduce the award to account for the limited success." *Id.* (citing *Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.")).  While there is "no precise rule or formula" for reducing a fee award, the "most critical factor" in the court's analysis must be "the degree of success obtained." *Hensley*, 461 U.S. at 436.  That is, "[t]he district court must reduce the attorneys fees award so that it is commensurate with the extent of the plaintiff's success." *McGinnis*, 51 F.3d at 810.  And, "[a]lthough the Supreme Court has disavowed a test of strict proportionality, it also suggested that a comparison of damages awarded to damages sought is required." *McCown*, 565 F.3d at 1104 (citing *Rivera*, 471 U.S. at 576).  Ultimately, "[t]he district court 'has discretion in determining the amount of a fee award . . . [because] of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) (quoting *Hensley*, 461 U.S. at 437).

The court readily agrees with the F&R's analysis regarding the extremely limited nature of Plaintiff's success.  As the F&R explains:

> Plaintiff requested a total of $672,980.74 in damages and recovered only $1,867.40, or less than 0.3% of the

15

amount of damages sought.  Plaintiff requests
$182,266.38 in attorneys' fees -- more than 97 times the
amount of damages that Plaintiff recovered.  The Court
finds that the attorneys' fees requested are grossly
disproportionate to the damages Plaintiff was awarded
for his one successful claim.  The Court rejects
Plaintiff's suggestion that he is entitled to recover
twenty-five percent of the total fees incurred because he
prevailed on one of four claims at trial.  Plaintiff's
argument assumes, incorrectly, that all of Plaintiff's
claims required equal effort or that a twenty-five percent
recovery is commensurate with Plaintiff's limited
success.  After review of the record in this case, it is
evident that Plaintiff's successful claim did not require
significant resources during discovery, dispositive
motions, or trial.  For example, Defendant notes that only
two of the fourteen depositions conducted in this case
discussed this claim.  In denying summary judgment on
this claim in 2014, the district court discussed the claim
on three [pages] of its forty-six page order.  Plaintiff's
eighty-one page Trial Brief devotes less than one page to
his successful claim.  In the district court's [123-page]
Findings of Fact and Conclusions of Law, Plaintiff's
successful claim was resolved in seven paragraphs: three
paragraphs of facts; three paragraphs of application of
law; one paragraph regarding damages.  In comparison,
the district court devoted over 200 paragraphs to
Plaintiff's unsuccessful claims.

Doc. No. 226, F&R at 20-21 (internal citations omitted).  The F&R fully captures

the court's views regarding Plaintiff's successful claim.  That is, Plaintiff's

successful claim played an extremely small part of the overall litigation, and as

such, Plaintiff's success is quite limited.  *See Hensley*, 461 U.S. at 440 (holding

that "the extent of a plaintiff's success is a crucial factor in determining the proper

16

amount of an award of attorney's fees").

In light of Plaintiff's limited success "in comparison to the scope of the litigation as a whole," the court determines that "[a] reduced fee award is appropriate." *Id.* And, in the court's discretion, the court concludes that the F&R's recommended award of $10,000 in attorneys' fees is reasonable. *See LeMaire*, 12 F.3d at 1461. While there is "no precise rule or formula" for reducing a fee award, *Hensley*, 461 U.S. at 436, neither Plaintiff nor Defendant object to the F&R's substantive calculations with regard to Plaintiff's requested fees and costs. Rather, Plaintiff's objection is, in essence, that Plaintiff feels entitled to a larger award. But both the F&R and the court have carefully considered the "most critical factor" in the decision calculus -- i.e., "the degree of success obtained" by Plaintiff, *Hensley*, 461 U.S. at 436 -- and $10,000 in attorneys' fees accurately reflects the reality that Plaintiff achieved very limited success in this litigation. Indeed, as the F&R explained, the $10,000 award "is more than five times the amount of damages that Plaintiff recovered on his one successful claim," but "this is not a strict proportionality reduction." Doc. No. 226, F&R at 21. "If the Court applied the same ratio of Plaintiff's recovered damages to requested damages to Plaintiff's attorneys' fees, Plaintiff would only be entitled to approximately $2,200 in fees ($731,597.71 x 0.003 = $2,194.79)."

*Id.* at 21-22.

The court also finds, in its discretion, that the F&R's recommendation to reduce Plaintiff's requested costs of $89,711.59 "in the same proportion as to his request for attorneys' fees to account for his limited success," for a total of $1,225, is reasonable.  *Id.* at 23.  *See also LeMaire*, 12 F.3d at 1461.

As the F&R explains, "two law firms performed work for Plaintiff in this action."  Doc. No. 226, F&R at 22.  The F&R found that, "[b]ased on the percentage of fees requested as between the two firms . . . the reasonable fees for Mr. Varady's law firm are $7,000 and the reasonable fees for the law firm of Smith Himmelmann are $3,000."  *Id*.  The F&R further recommended that Plaintiff's award "for costs and expenses . . . be divided equally between his two law firms."  *Id.* at 23.  Based on the court's *de novo* review of the fees requested by the two firms, the court agrees.

In sum, after *de novo* review, the court ADOPTS the F&R's recommendation regarding attorneys' fees and costs.  The court therefore awards Plaintiff $10,000 in attorneys' fees and $1,225 in costs, to be divided between Plaintiff's two law firms as described above.

# V. <u>CONCLUSION</u>

The court has reviewed the F&R *de novo*, and has analyzed Plaintiff's Objections and Defendant's Opposition. Being intimately familiar with the procedural and substantive history of this case, the court OVERRULES Plaintiff's objections and ADOPTS the F&R. Accordingly, the court awards Plaintiff $10,000 in attorneys' fees and $1,250 in costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 20, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Yonemoto v. McDonald*, Civ. No. 11-00533 JMS/RLP, Order Adopting Findings and Recommendation to (1) Deny Defendant's Bill of Costs; and (2) Grant in Part and Deny in Part Plaintiff's Motion for an Award of Attorneys' Fees and Costs, Doc. No. 226